UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMES E. PHILLIPS,                    )
                                      )
                  Plaintiff,          )
                                      )
        v.                            )    No. 2:24-cv-00074-JPH-MG
                                      )
V. LINCOLN Maintenance, *et al.*,     )
                                      )
                  Defendants.         )

## ORDER

James Phillips alleges that he was subjected to inhumane conditions of confinement at Wabash Valley Correctional Facility in the winter of 2023–24. Because he is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Phillips asserts claims for damages and injunctive relief against Maintenance Worker V. Lincoln, Lieutenant Yarber, and Sergeant Ivy. He bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Phillips' housing unit features an exterior door that is not properly sealed. A large gap allows cold air into the unit and heat to escape. Cell doors also are not sealed, so the cold air flows into inmates' cells.

Throughout the winter of 2023–24, the unit was so cold that Mr. Phillips had to wear all his clothing, coat, hat, gloves, and shoes around the clock, and he was still cold. He could not sleep. When he showered, he could not warm back up afterward, and he feared he would become ill, so he stopped showering.

Mr. Phillips asked the defendants to turn up the heat, to repair the door, and for extra bedding. They denied his requests.

## III. Conclusion and Issuance of Process

This action **will proceed** with Eighth Amendment claims against all three defendants pursuant to 42 U.S.C. § 1983.  These are the only claims the court identified in the complaint. If Mr. Phillips believes he asserted additional claims

2

that the Court did not address, he must notify the Court **no later than September 20, 2024**.

The complaint lists Officer Crane as a defendant in the caption but does not list him as a defendant in the body of the complaint or assert any allegations against him in his statement of claims. The **clerk is directed** to **terminate** Officer Crane from the docket as a defendant.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

**SO ORDERED.**

Date: 8/20/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY – CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to IDOC defendants at WVCF:

V. Lincoln (Maintenance)

Lieutenant Yarber

Sergeant Ivy